# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

DAWN MARIE COVERT,

      Plaintiff,

v.                                        Case No:   6:24-cv-1565-CEM-LHP

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant

---

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

Dawn Marie Covert ("Claimant") appeals the final partially favorable decision of the Commissioner of Social Security ("the Commissioner") regarding her applications for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB"). Doc. No. 1. Claimant raises one assignment of error regarding the Commissioner's final decision and a finding regarding her disability onset date, and based on that argument, requests that the matter be remanded for further administrative proceedings. Doc. No. 16. The Commissioner asserts that the decision of the Administrative Law Judge ("ALJ") is supported by substantial evidence and should be affirmed. Doc. No. 19. For the reasons discussed herein,

it is **RESPECTFULLY RECOMMENDED** that the Commissioner's final decision be **AFFIRMED**.

**I.     PROCEDURAL HISTORY.**

On March 23, 2017, Claimant filed an application for DIB, alleging that she became disabled on December 10, 2016.  R. 91, 179–85.[1]  Her claim was denied initially and on reconsideration, and she requested a hearing before an ALJ.   R. 93–95, 100–04, 105–06.   A hearing was held before an ALJ on April 24, 2019, at which Claimant appeared with a representative.  R. 31–65.   Claimant and a vocational expert ("VE") testified at the hearing.   *Id.*   After the hearing, the ALJ issued an unfavorable decision finding that Claimant was not disabled.   R. 12–30.   Claimant sought review of the ALJ's decision by the Appeals Council, but on May 8, 2020, the Appeals Council denied the request for review.   R. 1–6, 176–78.   Claimant appealed to this Court, and on June 4, 2021, the Court reversed and remanded the case for further administrative proceedings.   R. 1132–38; *see* Case No. 6:20-cv-1081-GJK, Doc. No. 27 (M.D. Fla. June 4, 2021).   While that appeal was pending in this Court, Claimant protectively filed additional applications for SSI and DIB.   *See* R. 1143, 1813, 2024–32.

On remand, the Appeals Council entered an order remanding the case for a

---

[1] The transcript of the administrative proceedings is available at Doc. No. 14, and will be cited as "R. ___."

new hearing before the ALJ, and consolidated her subsequent SSI and DIB applications with the remanded case. R. 1141–45. Another hearing was held before a different ALJ on May 10, 2022, at which Claimant appeared with an attorney. R. 1092–1131, 1880–1919. On July 25, 2022, the ALJ issued another unfavorable decision finding that Claimant was not disabled. R. 1058–91, 1740–73. Claimant again appealed to this Court. R. 1777–78; *see* Case No. 6:22-cv-1804-EJK. On the Commissioner's unopposed motion, the case was reversed and remanded for further administrative proceedings. R. 1774–78. The Appeals Council then remanded the matter to the ALJ for a new hearing. R. 1781–87.

On April 4, 2024, the second ALJ held another administrative hearing, at which Claimant (again represented by an attorney) and a VE testified. R. 1705–39. Thereafter, on June 28, 2024, the ALJ issued a partially favorable decision finding that Claimant became disabled on May 4, 2023, but was not disabled prior to that date. R. 1673–1704. On August 8, 2024, the ALJ issued what appears to be an amended decision finding same. R. 1640–72. This timely appeal follows. Doc. No. 1.[2]

---

[2] *See also* 20 C.F.R. § 404.984(a) ("[W]hen a case is remanded by a Federal court for further consideration and the Appeals Council remands the case to an administrative law judge, or an administrative appeals judge issues a decision pursuant to § 404.983(c), the decision of the administrative law judge or administrative appeals judge will become the final decision of the Commissioner after remand on your case unless the Appeals Council assumes jurisdiction of the case.").

## II. THE ALJ'S DECISION.[3]

After careful consideration of the entire record, the ALJ performed the five-step evaluation process as set forth in 20 C.F.R. §§ 404.1520(a), 416.920(a). R. 1644–60.[4] The ALJ first determined that Claimant met the insured status requirements of the Social Security Act through March 31, 2025. R. 1646. The ALJ also found that Claimant had not engaged in substantial gainful activity since December 10, 2016, the alleged disability onset date. R. 1647. The ALJ further found that Claimant suffered from the following severe impairments since the alleged disability onset date: cervical and lumbar disc disease, gastroesophageal reflux disease (GERD), posttraumatic stress disorder (PTSD), depressive disorder, anxiety

---

[3] Upon a review of the record, the undersigned finds that counsel for the parties have adequately stated the pertinent facts of record. Doc. Nos. 16, 19. Accordingly, the undersigned adopts those facts by reference and only restates them herein as relevant to considering the issues raised by Claimant.

[4] An individual claiming Social Security disability benefits must prove that he or she is disabled. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)). "The Social Security Regulations outline a five-step, sequential evaluation process used to determine whether a claimant is disabled: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a residual functional capacity ('RFC') assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's RFC, age, education, and work experience." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citing *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. §§ 404.1520(a)(i)–(v), 416.920(a)(i)–(v)).

disorder, migraine headaches, internal derangement of the left elbow, obesity, vertigo, dysphagia, gastroparesis, and dysfunction of the right foot. R. 1647. However, the ALJ concluded that Claimant did not have an impairment or combination of impairments that met or equaled a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. R. 1647–48.

After careful consideration of the entire record, the ALJ found that since the alleged disability onset date (December 10, 2016), Claimant had the residual functional capacity ("RFC") to perform light work as defined in the Social Security regulations,[5] with limitations, as follows:

> The claimant can lift, carry, push, and pull 20 pounds occasionally and 10 pounds frequently. The claimant can sit, stand, and walk for 6 hours each in an 8-hour workday. The claimant can occasionally use foot controls with her right lower extremity and can occasionally use hand controls with her left upper extremity. The claimant can occasionally reach overhead. The claimant can occasionally climb ramps and stairs and can never climb ladders or scaffolds. The claimant can balance, stoop, and crouch frequently, occasionally kneel, and never crawl. The claimant cannot work around unprotected

---

[5] The social security regulations define light work to include:

lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. §§ 404.1567(b), 416.967(b).

>    heights or moving mechanical parts.  The claimant is limited to the performance of routine and repetitive tasks, with no more than frequent interaction with supervisors and co-workers and no more than occasional interaction with the general public.  The claimant requires a sit/stand option which allows for a change of position at least every 30 minutes.  This is a brief positional change lasting no more than 3 minutes at a time with the claimant remaining at the workstation during the positional change.   The claimant would be off task up to 10% of an 8-hour workday.

R. 1648–49.

The ALJ found that Claimant did not have any past relevant work.   R. 1658.  However, considering Claimant's age (in particular that on May 4, 2023, Claimant's age category changed to that of an individual of advanced age), limited education, and RFC, as well as the testimony of the VE, the ALJ concluded that there were jobs existing in significant numbers in the national economy that Claimant could have performed prior to May 4, 2023, representative occupations to include marker, routing clerk, or router.   R. 1658–59.   However, beginning on May 4, 2023, the date Claimant's age category changed, there were no jobs existing in significant numbers that Claimant could perform.   R. 1659.   Accordingly, the ALJ concluded that beginning on May 4, 2023, the date Claimant's age category changed, Claimant became disabled and continued to be disabled through the date of the decision.   *Id.*  However, the ALJ concluded that Claimant was not disabled prior to May 4, 2023.  *Id.*

**III.    STANDARD OF REVIEW.**

The Court has jurisdiction to review the decision of the Commissioner pursuant to 42 U.S.C. § 405(g), as adopted by reference in 42 U.S.C. § 1383(c)(3). The scope of the Court's review is limited to determining whether the Commissioner applied the correct legal standards and whether the Commissioner's findings of fact are supported by substantial evidence. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). The Commissioner's findings of fact are conclusive if they are supported by substantial evidence, 42 U.S.C. § 405(g), which is defined as "more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997).

The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the Commissioner's decision, when determining whether the decision is supported by substantial evidence. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (per curiam). The Court may not reweigh evidence or substitute its judgment for that of the Commissioner, and, even if the evidence preponderates against the Commissioner's decision, the reviewing court must affirm if the decision is supported by substantial evidence. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

## IV. ANALYSIS.

Claimant raises one assignment of error in this appeal: that the ALJ failed to apply the correct legal standards to the consideration of the opinions of Dr. William Von Bargen, DO, Claimant's treating provider. Doc. No. 16.[6]

An individual claiming Social Security disability benefits must prove that he or she is disabled. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)). At the fourth step of the sequential evaluation process, the ALJ must determine Claimant's RFC. *Phillips v. Barnhart*, 357 F.3d 1232, 1238 (11th Cir. 2004), *superseded on other grounds by* 20 C.F.R. § 404.1520c. "[T]he regulations define RFC as that which an individual is still able to do despite the limitations caused by his or her impairments," which includes consideration of "all the relevant medical and other evidence in the case." *Id.* (citations and quotations omitted).

In determining a claimant's RFC, the ALJ must consider the medical opinions of treating, examining, and non-examining medical sources. *See* 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). The ALJ must consider a number of factors when weighing medical opinions, including: (1) whether the physician examined the claimant; (2) the length, nature, and extent of the physician's relationship with the

---

[6] The Commissioner has responded in opposition. Doc. No. 19. The undersigned notes that pursuant to Rule 8 of the Supplemental Rules for Social Security Actions Under 42 U.S.C. § 405(g), Claimant was permitted to file a reply brief, but did not.

claimant; (3) the medical evidence supporting the physician's opinion; (4) how consistent the physician's opinion is with the record as a whole; and (5) the physician's specialization. *Id.* §§ 404.1527(c), 416.927(c). A treating physician's opinion must be given substantial or considerable weight, unless good cause is shown to the contrary. *See id.* §§ 404.1527(c)(2), 416.927(c)(2) (giving controlling weight to the treating physician's opinion unless it is inconsistent with other substantial evidence).[7] There is good cause to assign a treating physician's opinion less than substantial or considerable weight, where: (1) the treating physician's opinion is not bolstered by the evidence; (2) the evidence supports a contrary finding; or (3) the treating physician's opinion is conclusory or inconsistent with the physician's own medical records. *Winschel*, 631 F.3d at 1179 (citing *Phillips*, 357 F.3d at 1241).

"Generally, the opinions of examining physicians are given more weight than nonexamining, treating more than non-treating, and specialists on issues within their areas of expertise more weight than non-specialists." *Davis v. Barnhart,* 186 F. App'x 965, 967 (11th Cir. 2006) (citing 20 C.F.R. §§ 404.1527(d)(1), (2), (5)).[8] The

---

[7] Although the SSA regulations were amended effective March 27, 2017, the new regulations apply only to applications filed on or after that date. *See* 20 C.F.R. §§ 404.1520c, 416.920c. Because Claimant filed her initial DIB application prior to March 27, 2017, the rules in 20 C.F.R. §§ 404.1527 and 416.927 govern here. *See also* R. 1143 ("On remand, the Administrative Law Judge should apply the prior rules to the consolidated case[.]").

[8] Unpublished opinions of the Eleventh Circuit are cited as persuasive authority.

ALJ, however, may rely on a non-examining physician's opinion where it is consistent with the medical and opinion evidence. *See Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1160 (11th Cir. 2004) (holding that the ALJ did not err in relying on a consulting physician's opinion where it was consistent with the medical evidence and findings of the examining physician).

The ALJ must state the weight assigned to each medical opinion and articulate the reasons supporting the weight assigned. *Winschel*, 631 F.3d at 1179. The failure to state the weight with particularity or to articulate the reasons in support of the assigned weight may prevent the Court from determining whether the ALJ's ultimate decision is rational and supported by substantial evidence. *Id.*

Here, Claimant challenges the ALJ's consideration of the opinions of Dr. William Von Bargen DO, who treated Claimant following a motor vehicle accident on May 1, 2018. Doc. No. 16; *see also, e.g.*, R. 872–1044 (Exhibit 19F, treating records from Dr. Von Bargen). On February 1, 2019, Dr. Von Bargen completed a Final Narrative Report regarding his treatment of Claimant, noting a final examination date of January 10, 2019. R. 1033–41. Dr. Von Bargen provided a detailed assessment of Claimant's symptoms, his examination findings, and Claimant's treatment. *Id.* Dr. Von Bargen noted that Claimant initially responded to

---

*See* 11th Cir. R. 36–2.

treatment, but improvement tapered and was currently minimal. R. 1040. He diagnosed Claimant with disc herniation with mild right neuroforaminal narrowing with mild spinal cord deformity; disc bulge with mild to moderate neuroforaminal narrowing; disc herniation with mild to moderate bilateral neuroforaminal narrowing; disc herniation with mild spinal cord deformity and moderate to severe bilateral neuroforaminal narrowing; cervical radiculopathy; tension headaches; and somatic dysfunction, cervical. *Id.* Dr. Von Bargen opined that Claimant had "permanent ratable factors of disability that will affect future home and work activity," and that Claimant will suffer future pain and disability due to residual musculoskeletal dysfunction suffered from the motor vehicle collision. *Id.* Dr. Von Bargen further opined that Claimant's condition has stabilized with residual neck pain, cervical radicular symptoms, and headaches several times per week. R. 1041. Dr. Von Bargen advised Claimant to continue certain exercise on a daily basis, avoid prolonged forward head posture, avoid carrying her purse on her shoulder, avoid carrying heavy objects in her arms, to use proper lifting techniques, and to take frequent breaks from work. *Id.*

In the decision, the ALJ states as follows with regard to Dr. Von Bargen:

> With regard to medical opinions of record, the claimant was examined by William Von Bargen, D.O. in January 2019. Findings included 5/5 strength in the major muscle groups, normal reflexes, intact sensation, normal range of motion throughout the spine, negative straight leg raise testing, normal gait, and easy balance. Diagnoses were cervical degenerative disc disease with bulges/herniations at C3-C4, C4-C5,

- 11 -

> C5-C6, and C6-C7; cervical radiculopathy; tension headaches, and cervical somatic dysfunction. Dr. Von Bargen opined that her condition had stabilized with residual neck pain, cervical radicular symptoms, and headaches several times a week. She was advised to continue exercises on a daily basis. She had been told to avoid prolonged forward head posture, avoid carrying her purse on her shoulder, avoid carrying heavy objects in her arms, use proper lifting techniques, and take frequent breaks from her work. Her symptom persistence indicated that further repair would probably be minimal if any (Exhibit 19F). This opinion is given partial weight, as the undersigned finds that the stated limitations are not wholly supported by the severity level suggested by examination findings and are stated in terms that are vague in nature. Additionally, this opinion is inconsistent with the largely normal consultative examination findings by Dr. Shoemaker, set forth below.

R. 1655. In sum, the ALJ only gave partial weight to Dr. Von Bargen's opinions because: (1) the opinions were not wholly supported by examination findings; (2) Dr. Von Bargen's findings were vague; and (3) Dr. Von Bargen's opinions were inconsistent with consultative examination findings by Dr. Shoemaker. *Id.*

In her Brief, Claimant argues that the ALJ's analysis was insufficient, specifically that: (1) it is unclear what weight the ALJ accorded Dr. Von Bargen's opinion that Claimant needed to take frequent breaks from work; (2) the ALJ's finding that Dr. Von Bargen's opinion was "not wholly supported by the examination findings" is conclusory; and (3) the ALJ improperly found Dr. Von Bargen's opinions "stated in terms that are vague in nature" given that "frequently" is defined by the Social Security Administration ("SSA"). Doc. No. 16, at 9–10. Claimant contends that Dr. Von Bargen's opinions regarding frequent breaks

supported an earlier finding of disability than that found by the ALJ, based on questions posed to the VE. *Id.* at 10–11. The Commissioner, on the other hand, argues that the ALJ's decision is supported by substantial evidence. Doc. No. 19, at 7–10.

Upon review, the undersigned agrees with the Commissioner that the ALJ provided good cause reasons, supported by substantial evidence, to give Dr. Von Bargen's opinions less than controlling weight. At bottom, Claimant takes issue only with the ALJ's alleged failure to specifically address Dr. Von Bargen's opinion that Claimant should take frequent breaks from work. Doc. No. 16, at 9–11. However, in the decision, the ALJ explicitly acknowledges Dr. Von Bargen's opinion that Claimant needs to take frequent breaks from her work, a finding which the ALJ stated he gave partial weight for the same reasons the ALJ gave partial weight to Dr. Von Bargen's other opinions. *See* R. 1655. In her briefing, Claimant points to no legal authority requiring the ALJ to do more, or to specifically address that opinion in isolation from others. *See id. Cf. Adams v. Comm'r, Soc. Sec. Admin.*, 586 F. App'x 531, 534 (11th Cir. 2014) ("[T]he ALJ did not err by failing to specifically address Adams's neurologist's opinion that she should avoid frequent overhead reaching, and that she needed to take 5-minute breaks every 45 minutes, as his written decision made clear that he considered both the neurologist's opinion and Adams's medical condition as a whole." (citing *Dyer*, 395 F.3d at 1211)); *see also Coley*

*v. Comm'r of Soc. Sec.*, 771 F. App'x 913, 917 (11th Cir. 2019) ("The ALJ must state with particularity the weight given to different medical opinions and the reasons for doing so. However, the ALJ is not required to specifically address every aspect of an opinion or every piece of evidence in the record." (citations omitted)).

Moreover, the ALJ's reasons for only partially crediting Dr. Von Bargen's opinions are supported by substantial evidence. Although Claimant argues that the ALJ's finding that Dr. Von Bargen's opinion was "not wholly supported . . . by examination findings" is conclusory, the undersigned disagrees. This statement follows, in the same paragraph, a discussion by the ALJ of Dr. Von Bargen's examination findings, which the ALJ noted included normal muscle strength, normal reflexes, intact sensation, normal range of motion throughout the spine, negative straight leg raise testing, normal gait, and easy balance. *See* R. 1655. Claimant does not address these findings in her briefing, nor contest them. *See* Doc. No. 16, at 9–11. And the ALJ may rely on examination findings in addressing the persuasiveness of the opinions of a treating physician. *See, e.g.*, *Barnum v. Comm'r, Soc. Sec. Admin.*, 555 F. App'x 903, 905 (11th Cir. 2014) (finding substantial evidence supported the ALJ's decision to discount the treating physician's opinion where the medical exams showed normal findings); *Gilabert v. Comm'r of Soc. Sec.*, 396 F. App'x 652, 655 (11th Cir. 2010) (recognizing that good cause for rejecting a treating physician's opinion includes that the opinion is inconsistent with the

doctor's own medical records, the opinion is not bolstered by the evidence, and that the evidence supports a contrary finding); *Albenga v. Astrue*, No. 2:08-cv-380-UA-SPC, 2009 WL 1748525, at *15 (M.D. Fla. June 19, 2009) ("The ALJ may properly discount a physician's opinion if it is not supported by or is contrary to medical evidence in the record." (citing *Morrison v. Barnhart*, 278 F. Supp. 2d 1331, 1334 (M.D. Fla. 2003))); *Windish v. Astrue*, No. 8:06-cv-1842-T-TBM, 2008 WL 898743, at *5 (M.D. Fla. Mar. 28, 2008) ("[A]n ALJ may reject the opinions of even a treating doctor when the treating source's opinion are not bolstered by the evidence, the evidence supports a contrary finding, or the treating source's opinion is conclusory or inconsistent with his or her own medical record." (citing *Phillips*, 357 F.3d at 1240–41)).

The ALJ also stated that Dr. Von Bargen's opinions were "stated in terms that are vague in nature." R. 1655. Claimant argues that "frequently" is not vague given that the term is defined by the SSA. Doc. No. 16, at 9–10. Be that as it may, as the Commissioner argues, Claimant does not address the remaining opinions of Dr. Von Bargen that are indeed vague, such as that he opined Claimant should "avoid prolonged forward head posture, avoid carrying her purse on her shoulder, avoid carrying heavy objects in her arms, [and] use proper lifting techniques." *See* R. 1655; *see also* R. 1041. Thus, the undersigned finds Claimant's argument in this regard unpersuasive. *See, e.g., Sanders v. Soc. Sec. Admin., Comm'r*, 854 F. App'x 311,

314 (11th Cir. 2021) ("The ALJ also articulated good cause for giving less weight to Dr. Ladipo's opinion about Sanders's physical limitations. The ALJ explained that the term 'prolonged period' was vague and provided no specific information about how long Sanders could sit or stand in one position."); *Ripson v. Comm'r of Soc. Sec.*, No. 6:22-cv-288-KCD, 2023 WL 239998, at *5 (M.D. Fla. Jan. 18, 2023) (good cause supported ALJ's decision to discount vague medical opinions).[9]

Finally, the undersigned notes that Claimant does not address in her briefing the ALJ's reliance on the opinions of Dr. Shoemaker to discount the opinions of Dr. Von Bargen. Doc. No. 16. So, Claimant has waived any issue in that regard. *See Borroto v. Comm'r of Soc. Sec.*, No. 2:17-cv-673-FtM-99CM, 2019 WL 488327, at *1, n.1 (M.D. Fla. Jan. 8, 2019), *report and recommendation adopted*, 2019 WL 290599 (M.D. Fla. Jan. 23, 2019) ("Any issue not raised by Plaintiff on appeal is deemed to be waived." (citing *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004) ("[A] legal claim or argument that has not been briefed before the court is deemed

---

[9] Even assuming arguendo that Claimant is correct that the ALJ erred in applying the vagueness reason to Dr. Von Bargen's opinion that Claimant should take frequent breaks from work, it would appear that any error would be harmless on the facts of this case, as the ALJ provided other good cause reasons to only partially credit Dr. Von Bargen's opinions. *See D'Andrea v. Comm'r of Soc. Sec. Admin.*, 389 F. App'x 944, 948 (11th Cir. 2010) (rejecting the claimant's argument "that the ALJ erred in failing to accord appropriate weight to the opinion of her treating physician . . . because the ALJ articulated at least one specific reason for disregarding the opinion and the record supports it")); *see also Blakely v. Comm'r of Soc. Sec.*, No. 6:16-cv-987-Orl-37GJK, 2017 WL 1102766, at *3 (M.D. Fla. Mar. 7, 2017), *report and recommendation adopted*, 2017 WL 1093541 (M.D. Fla. Mar. 23, 2017).

abandoned and its merits will not be addressed.")));  *see also Solutia, Inc. v. McWane, Inc.*, 672 F.3d 1230, 1239 (11th Cir. 2012) ("There is no burden upon the district court to distill every potential argument that could be made based on the materials before it . . . ." (quoting *Resolution Tr. Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995))).

Because the ALJ provided good cause reasons, supported by substantial evidence, to give Dr. Von Bargen's opinions only partial weight, the undersigned will respectfully recommend that the Court reject Claimant's sole assignment of error.  *See Hunter v. Soc. Sec. Admin., Comm'r*, 808 F.3d 818, 823 (11th Cir. 2015) (the court "will not second guess the ALJ about the weight the treating physician's opinion deserves so long as he articulates a specific justification for it." (citing *Moore*, 405 F.3d at 1212)); *Jarrett v. Comm'r of Soc. Sec.*, 422 F. App'x 869, 873 (11th Cir. 2011) ("[W]here the ALJ articulates specific reasons for failing to give the opinion of a treating physician controlling weight, and those reasons are supported by substantial evidence, there is no reversible error." (citing *Moore*, 405 F.3d at 1212)); *see also Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991) (citation omitted) (where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the court would have reached a contrary result as the finder of fact, and even if the court finds that the evidence preponderates against the Commissioner's decision).

## V. RECOMMENDATION.

Upon consideration of the foregoing, it is **RESPECTFULLY RECOMMENDED** that the Court **AFFIRM** the final decision of the Commissioner. It is further **RECOMMENDED** that the Court direct the Clerk of Court to issue a judgment consistent with its Order on this Report and Recommendation and, thereafter, to close the file.

### NOTICE TO PARTIES

A party has fourteen days from the date the Report and Recommendation is served to serve and file written objections to the Report and Recommendation's factual findings and legal conclusions. Failure to serve written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

Recommended in Orlando, Florida on April 21, 2025.

*Leslie Hoffman Price*
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party

Courtroom Deputy

- 19 -